**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLO CARRION,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>UNITED STUDENT AID FUNDS, INC.,<br>Erroneously Sued As SLM Corporation<br>Erroneously Sued As Naviet; NAVIENT<br>SOLUTIONS, INC., FKA Sallie Mae Inc.,<br>Erroneously Sued As Sallie Mae Inc. et al,<br><br>     Defendants-Appellees. | No. 15-56391<br><br>D.C. No. 2:15-cv-00829-BRO-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 16, 2018[**]

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

  Carlo Carrion appeals pro se from the district court's judgment dismissing

his action alleging Fair Credit Reporting Act ("FCRA") and fraud claims in

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

connection with Carrion's student loans. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (denial of motion to remand); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999) (dismissal under Federal Rule of Civil Procedure 12(c)). We affirm.

The district court properly denied Carrion's motion to remand this action to state court because Carrion's complaint "contains a cause of action that is within the original jurisdiction of the district court." *Hunter*, 582 F.3d at 1042 (citations and internal quotation marks omitted); *see* 28 U.S.C. § 1331 (district courts have original jurisdiction over civil actions arising under federal law); *id.* § 1367(a) (district courts have supplemental jurisdiction over related state law claims); *id.* § 1441(a) (providing for removal of civil action to district court where action invokes district court's original jurisdiction).

The district court properly dismissed Carrion's action as barred by the applicable statutes of limitations. *See* 15 U.S.C. § 1681p (FCRA action must be filed two years after plaintiff discovers the violation, or five years after the violation occurs, whichever is earlier); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109-10 (9th Cir. 2012) (constructive discovery triggers FCRA's two-year limitations period); Cal. Civ. Proc. Code § 338(d) (imposing three-year statute of limitations on fraud claim, commencing when plaintiff "discover[s] . . . the facts

constituting the fraud"); *Kline v. Turner*, 105 Cal. Rptr. 2d 699, 702 (Ct. App. 2001) (interpreting "discovery" under Cal. Civ. Proc. Code § 338(d) "to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing").

We reject as unsupported by the record Carrion's contentions that defendants' notice of removal was untimely and that defendants violated Carrion's due process rights by failing to serve properly the notice of removal.

**AFFIRMED.**

15-56391